UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHAWANDA LAWRENCE AND  CIVIL ACTION NO. 00-544-D-M3
LAJUAN HEBERT

VERSUS  JUDGE Brady

C.F. INDUSTRIES, INC. AND
TURNER INDUSTRIES, INC.  MAGISTRATE JUDGE Dalby
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

To: Plaintiffs
Through their counsel of record,
Timothy E. Pujol
Robert Ryland Percy, III
Percy, Pujol & Wall
712 North Burnside Avenue
P.O. Box 1096
Gonzales, Louisiana 70707-1096

PLEASE TAKE NOTICE that CF Industries, Inc. ("CF Industries"), a defendant in that certain proceeding entitled "Shawanda Lawrence and Lajuan Hebert v. CF Industries, Inc. and Turner Industries, Inc.," Civil Action No. 67,425, Division C, filed in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, hereby files its Notice of Removal and removes this action to the United States District Court for the Middle District of Louisiana. A copy of this Notice of Removal is being served upon you, Timothy Pujol and Robert Percy, as counsel for plaintiffs, Shawanda Lawrence, et al., and a copy of this Notice of Removal is being filed with the Clerk of Court of the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, in conformity with 28 U.S.C. § 1446(d). Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in CF Industries' possession is attached hereto as Exhibit A.

47781.1

CF Industries respectfully submits that the grounds for its removal of the action are as follows:

I.

A Petition (the "Petition") entitled "Shawanda Lawrence and Lajuan Hebert v. CF Industries, Inc. and Turner Industries, Inc.," Civil Action No. 67,425, Division C, filed in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, on June 23, 2000 and is pending in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana. Shawanda Lawrence and Lajuan Hebert purport to represent a class of individuals who sustained damages as a result of the incident at CF Industries' Donaldsonville facility occurring at approximately 11:30 p.m. on May 24, 2000.

II.

A similar Class Action Petition entitled "Charles D. Jones, Stella Davis, Nedra Parker, Benjamin Butler, Anthony T. Allen, Brenda Allen, Charles Ray, Cornelius White, James Wilson, Ryan Washington, Dwight Breaux, Christopher Jasper, Lawrence Northern, Donald Blount, Fabrian O'Bear, James Rome, Reginald Rome, et al. v. CF Industries, Inc." suit no., 67,328, Division C, filed in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, ("the Jones Case") has been recently removed to the Middle District of Louisiana. Plaintiffs in the Jones Case purport to represent a class of individuals who sustained damages as a result of the incident at CF Industries' Donaldsonville facility occurring at approximately 11:30 p.m. on May 24, 2000. The claims of the plaintiffs in the Jones Case overlap with the claims of the plaintiffs in the instant case.

III.

Plaintiffs in the Jones Case are domiciled in Louisiana. CF Industries, the sole defendant in the Jones Case, is a Delaware Corporation with its principal place of business in Illinois.

IV.

The amount in controversy in the Jones Case can be expected by a preponderance of the evidence or with reasonable certainty to exceed $75,000 for the following reasons:

a.) Plaintiffs in the Jones Case allege "severe physical, mental, and emotional injury. . . .lost wages, past, present and future, and expenses for medical treatment, past, present and future" (Petition at ¶7) in addition to "exposure to yet to be determined chemical substances, property damage, personal injury, emotional and mental damages, economic damages, evacuation, shelter in place, inconvenience and fear and fright." (Petition at ¶6). Plaintiffs also demand costs for the prosecution of the class action.

b.) The plaintiffs in the Jones Case do not allege that their damages are less than $75,000.00, and based on the facts pled by plaintiffs, the amount in controversy with respect to certain of the named plaintiffs' claims can be expected by a preponderance of the evidence or with reasonable certainty to exceed the sum or value of $75,000, exclusive of interest and costs.

V.

This Court has original jurisdiction over the claims of the plaintiffs in the Jones Case, because there exists complete diversity of citizenship, and because the amount in controversy may reasonably exceed $75,000.00.

VI.

This Court must retain jurisdiction over the remaining claims and cases, including the instant case, under 28 U.S.C. §1367(a), which provides: "in any civil action of which the district courts have original jurisdiction, the district courts **shall** have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." (Emphasis added). The exceptions to 28 U.S.C. §1367(a), which are found in 28 U.S.C. §1367(b) & (c) are inapplicable.

VII.

This Court has jurisdiction over the instant case pursuant to the "All Writs Act," 28 U.S.C. §1651.

VIII.

Thirty (30) days have not elapsed since CF Industries received notice of the Petition on or after June 23, 2000. Accordingly, Notice of Removal is timely pursuant to 28 U.S.C. ¶ 1446(b).

IX.

Promptly after filing this Notice of Removal, written notice hereof will be given to plaintiffs and will be filed with the Clerk of the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana.

WHEREFORE, Defendant CF Industries, Inc. prays that this, its Notice of Removal, be deemed good and sufficient and that the aforesaid Class Action Petition be removed from the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana to this Honorable Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action

from such state court, and thereupon proceed with the civil action as if it had been commenced originally in this Honorable Court.

Respectfully submitted,

*Michael D. Ferachi* (signature)

MICHAEL H. RUBIN (#10833)
RICHARD A. CURRY (#4671)
MICHAEL FERACHI (#19566)
McGLINCHEY STAFFORD
Ninth Floor, One American Place
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000

- and -

ROBERT E. KERRIGAN (#7350) TA
CHARLES LECHE (#08218)
ISAAC H. RYAN (#23925)
DEUTSCH, KERRIGAN & STILES, LLP
755 Magazine Street
New Orleans, Louisiana 70130-3672
Telephone: (504) 581-5141

- and -

MARK C. DODART (#17549)
NEIL C. ABRAMSON (#21436)
NORA T. BOLLING (#22955)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311

- and -

JOHN W. PERRY JR. (#10524)
DANIEL J. BALHOFF (#18776)
ATKINSON, PERRY, ATKINSON
    & BALHOFF, L.L.C.
2141 Quail Run Drive
Baton Rouge, Louisiana 70884-3260
Telephone: (225) 767-7730

- and -

MALCOLM J. DUGAS, JR. (05137)
DUGAS, LEBLANC & SOTILE, L.L.C.
406 Houmas Street
Donaldsonville, Louisiana 70346
Telephone: (225) 473-3109

COUNSEL FOR CF INDUSTRIES, INC.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served on all known counsel of record by First Class United States Mail, properly addressed and postage prepaid, this 19th day of July, 2000.

*Michael D. Ferachi*
Michael D. Ferachi

RECEIVED AND FILED

**SHAWANDA LAWRENCE AND**      **DIVISION C**
**LAJUAN HEBERT**

                        23RD JUDICIAL DISTRICT COURT

**VERSUS NUMBER 67,425**      PARISH OF ASCENSION

**CF INDUSTRIES, INC. AND TURNER**      STATE OF LOUISIANA
**INDUSTRIES, INC.**

FILED:_____      _____
                                                    DEPUTY CLERK OF COURT

### PETITION

Plaintiffs, Shawanda Lawrence and LaJuan Hebert, individually and on behalf of all other similarly situated persons residing in the parishes of St. James, Assumption and Ascension ("Plaintiffs") for their Petition against the following Defendants, aver as follows:

1.

Defendant, CF Industries, Inc. is a for-profit corporation organized and existing under the laws of a state other than Louisiana.

2.

Turner Industries, is a for-profit corporation organized and existing under the laws of the State of Louisiana, with its principle place of business located in the State of Louisiana.

3.

Pursuant to LSA-C.C.P. art. 591, et seq, Plaintiffs bring this motion on their behalf as well as on behalf of all other residents of the parishes of St. James, Assumption and Ascension, who have sustained damages as a result of the defendants' offenses. The plaintiffs' individual damages are not substantially different from the damages suffered by other members of the class. Plaintiffs shall fully and adequately protect the interests of the other members of the representative class who are too numerous to be named individually and to individually appear in these proceedings.

4.

There is a well defined community of interest in questions of law and the facts affecting the parties to be represented. The claims or defenses of the representative parties are typical of the claims or defenses applicable to the entire class. The questions of law and facts applicable to

**EXHIBIT A**

the entire class predominate over questions which may affect individual members rights to recover for the causes of action as set forth herein

    a)    All residents of Assumption, Ascension and St. James Parish, within an established boundary in the vicinity of the CF Industries facility, and who have suffered damages as a result of the explosion, and subsequent release of materials into the atmosphere, and surrounding communities on or about May 24, 2000.

5.

The plaintiffs will fairly and adequately represent and protect the interests of the class in that they have no interests which are antagonistic to the absent members of the class. The plaintiffs are represented by experienced and capable counsel who have previously litigated numerous personal injury cases, mass tort and class action cases.

6.

The prosecution by individual class members would create a serious risk of inconsistency or varying adjudications which may prejudicially affect the claims of other class members in subsequent litigation. The prosecution of individual actions presents a risk that adjudications respecting individual claimants would not entirely be dispositive of the interests of class members not parties to the litigation or would otherwise substantially impair or impede the ability of class members to protect their interests. The class action is a superior procedural device for this litigation because the primary objective of the class action, the economics of time, efforts and expense would be achieved.

7.

On May 24, 2000, defendant, CF Industries ("CF" or "Defendant"), as a direct result of an explosion, negligently released thousands of pounds of the hazardous material known as ammonia, and other known hazardous substances from its Donaldsonville, Louisiana facilities, and said ammonia traveled beyond the confines of CF's facilities and entered the communities where the plaintiffs reside and or work, including St. James, Assumption and Ascension Parishes.

8.

On May 24, 2000, due to the negligent actions and inactions of defendants, CF Industries and Turner Industries, an explosion occurred at the vessel sometimes known as the North 109DC located in the Ammonia Unit No. 3 of the CF facilities located in Donaldsonville, Louisiana which caused significant damage to the homes and other personal property of the plaintiffs.

9.

On May 24, 2000, a fire occurred at the vessel sometimes known as the South 109DA located in the Ammonia Unit No. 3 of the CF facilities located in Donaldsonville, Louisiana.

10.

On May 24, 2000, a cleaning operation was taking place, and desiccant was being removed, from the vessel sometimes known as the Center 109DB located in the Ammonia Unit No. 3 of the CF facilities located in Donaldsonville, Louisiana.

11.

Based upon information and belief, because of the fire in the South 109DA, and because of the cleaning of the Center 109DB, the Ammonia Unit No. 3 was operating through only the North 109DC at extreme pressures which caused or significantly contributed to the explosion of the North 109DC.

12.

Plaintiffs aver that all of these 109D vessels were built in or about 1983 and defendant, Turner Industries has performed regular maintenance measures on said vessels including, but not limited to, internal welding, which resulted in damage to the structural integrity of the North 109DC vessel which, in turn, caused or significantly contributed to the explosion of May 24, 2000.

13.

Since the time of their exposure from this explosion and subsequent ammonia release, plaintiffs have suffered and in the future may suffer, with skin disorders and respiratory disorders as a result of these exposures. Plaintiffs also suffer from an emotional distress, mental

depression, anxiety and other psychological and behavioral changes as a result of their exposures to the defendants' materials.

14.

The plaintiffs have also suffered property damage and diminished property value as a result of the boiler explosion, as well as the escape and migration of ammonia from the CF facilities including but not limited to stigmatization of the community resulting in impairment of lifestyle and contamination of their environment.

15.

The cause in fact of the damages herein sued upon was the negligence and misconduct of the defendants named herein which resulted in the injuries and damages the plaintiffs now suffer. The defendants were at fault within the scope, intent and meaning of LSA-C.C. Art. 2315 in the following non-exclusive respects:

a) Failure to property inspect, monitor, repair and or replace the boiler equipment to insure they were being operated safely and in compliance with laws and regulations;

b) Failure to property inspect, monitor, repair and or replace the relief valves which released the ammonia;

c) Failure to warn the plaintiffs and the authorities of the release of the toxic and harmful ammonia and allowing the plaintiffs to be exposed to concentrations of the toxic and harmful ammonia where it was reasonably certain they would suffer adverse health effects as a result of these exposures.

d) Failure to property and adequately maintain and operate a facility where toxic and harmful chemicals such as ammonia are stored, transported and otherwise handled;

e) Failure to advise the plaintiffs that, because of their exposures, they should seek medication attention and medical monitoring for their injuries including certain skin and respiratory disorders;

f) Negligently creating and allowing the release of hazardous air contaminants while operating a facility where such hazardous air contaminants could and did escape into the plaintiffs' communities; and,

g) Other negligent acts and acts of misconduct which will be proven at the trial of this matter.

16.

The acts and omissions of the defendants herein constituted ultra-hazardous activities for which the defendants have assumed the consequences, thereby imposing absolute liability on

them under provisions of LSA-C.C. Art. 2315 as interpreted by Louisiana law applicable to ultra hazardous activities or strict liability under the provisions of LSA-C.C. Art. 2317 for permitting or participating in the release of hazardous substances in their garde in a manner in violation of their obligations under the law.

17.

In addition, the nature of the hazardous substance generated and released by the defendants and the operations conducted at the facilities during the times material to this litigation were such that damage to the health and property of those residing near the CF facilities could not be avoided even if performed with requisite due care, thereby causing the activities of the defendants to be ultra-hazardous and imposing direct and imputed absolute and solidary liability on them for the damages resulting therefrom, under the provisions of LSA-C.C. Arts. 667, et seq and 2315 and Louisiana law applicable thereto.

18.

Further and with respect to the fault alleged herein, the defendants encouraged, aided and abetted each other in the commission of unlawful acts, i.e., the release of a toxic and harmful substance into the plaintiffs' communities and the failure to timely notify the plaintiffs and authorities of said release, without securing adequate precautions against the risk of harm to others who might be exposed to the substance, which fault on their part justifies the imposition of solidarly liability under the provisions of LSA-C.C. Art. 2324.

19.

By reason of the defendants' fault as described above, plaintiffs and absent class members have suffered property damage and property value diminution; impairment of income, past and future; and, injury and fear claims as a result of the explosion, said damages do not exceed or equal $75,000.00 (Seventy Five Thousand and no/100 Dollars).

20.

Plaintiffs pray for a jury trial.

WHEREFORE, plaintiffs pray that after due proceedings had, there be a money judgment against all defendants named herein in an amount to be proven at trial, interest, costs and attorney's fees, and such other general and equitable relief as this Court may deem just and appropriate. Plaintiffs also pray for a jury trial.

Respectfully Submitted:

PERCY, PUJOL & WALL

Timothy E. Pujol (#19117)
Robert Ryland Percy, III (#10418)
712 North Burnside Avenue
Post Office Box 1096
Gonzales, Louisiana 70707-1096
Telephone: (225) 621-8522

PLEASE SERVE:

CF INDUSTRIES, INC.
HIGHWAY 3089
DONALDSONVILLE, LOUISIANA

CF INDUSTRIES, INC.
THROUGH THE LONG ARM STATUTE
ONE SALEM LAKE DRIVE
LONG GROVE, IL 60047

TURNER INDUSTRIES, ETD
THROUGH THE AGENT FOR SERVICE OF PROCESS
L. J. GRIFFIN, JR.
8687 UNITED PLAZA BOULEVARD
BATON ROUGE, LA 70809

A TRUE COPY
Amanda
Deputy Clerk & Recorder 6/26/00
ASCENSION PARISH

| | | |
|---|---|---|
| SHAWANDA LAWRENCE AND<br>LAJUAN HEBERT | *<br>* | SUIT NO. 67,425   DIVISION C |
| | * | 23RD JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF ASCENSION |
| C.F. INDUSTRIES, INC. AND<br>TURNER INDUSTRIES, INC. | *<br>* | STATE OF LOUISIANA |

*****************************************************************

To:  Clerk of Court, 23rd Judicial District Court,
     Parish of Ascension
     P.O. Box 192
     Donaldsonville, Louisiana 70346

PLEASE TAKE NOTICE that the defendant, CF Industries, Inc., appearing specifically and solely for this purpose and with full reservation of all its rights, exceptions, and defenses, has on the 19th day of July, 2000, removed the plaintiffs' lawsuit to the United States District Court for the Middle District of Louisiana, on the grounds stated in the Notice of Removal, a copy of which is attached as exhibit A.

                        Respectfully submitted:
                        **MCGLINCHEY STAFFORD**
                        A PROFESSIONAL LIMITED LIABILITY COMPANY


                 By:    _/s/ Michael D. Ferachi_____
                        MICHAEL H. RUBIN (10833)
                        RICHARD A. CURRY (4671)
                        MICHAEL FERACHI (19566)
                        McGLINCHEY STAFFORD, L.L.C.
                        Ninth Floor, One American Place
                        Baton Rouge, Louisiana 70825
                        Telephone: (225) 383-9000

                        And

                        MARK C. DODART (17549)
                        NEIL C. ABRAMSON (21436)
                        PHELPS DUNBAR LLP
                        Canal Place
                        365 Canal Street, Suite 2000
                        New Orleans, Louisiana 70130-6534
                        Telephone: (504) 566-1311

- and -

- and -

MALCOLM J. DUGAS, JR. (05137)
DUGAS, LEBLANC & SOTILE, L.L.C.
406 Houmas Street
Donaldsonville, Louisiana 70346
Telephone: (225) 473-3109

-and-

ROBERT E. KERRIGAN, JR. (7350)
CHARLES LECHE (08218)
DEUTSCH, KERRIGAN, & STILES, LLP
755 Magazine Street
New Orleans, Louisiana 70130-3672

**COUNSEL FOR CF INDUSTRIES, INC.**

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served on all known counsel of record by First Class United States Mail, properly addressed and postage prepaid, this 19th day of July, 2000.

_____
Michael D. Ferachi

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWANDA LAWRENCE AND<br>LAJUAN HEBERT | CIVIL ACTION NO. _____ |
| VERSUS | JUDGE _____ |
| C.F. INDUSTRIES, INC. AND<br>TURNER INDUSTRIES, INC. | MAGISTRATE JUDGE _____ |

*******************************************************************

## JOINDER AND CONSENT TO NOTICE OF REMOVAL

To:    Plaintiffs
Through their counsel of record,
Timothy E. Pujol
Robert Ryland Percy, III
Percy, Pujol & Wall
712 North Burnside Avenue
P.O. Box 1096
Gonzales, Louisiana 70707-1096

PLEASE TAKE NOTICE that Turner Industries, Inc. ("Turner Industries"), a defendant in that certain proceeding entitled "Shawanda Lawrence and Lajuan Hebert v. CF Industries, Inc. and Turner Industries, Inc.," Civil Action No. 67,425, Division C, filed in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, hereby joins in and consents to the Notice of Removal filed by CF Industries, Inc. and the removal of this action to the United States District Court for the Middle District of Louisiana.

A copy of this Joinder and Consent in the Notice of Removal is being served upon you, Timothy Pujol and Robert Percy, as counsel for plaintiffs, Shawanda Lawrence, et al., and a copy of this Notice of Removal is being filed with the Clerk of Court of the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana.

47887.1                                                  Joinder and Consent to Notice of Removal - Page 1